# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                        No. 4:05CR00109-12 JLH

TERRANCE OSBORN                                                  DEFENDANTS

## OPINION AND ORDER

Terrance Osborn[1] was indicted in a superseding indictment on one count of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and one count of possessing with the intent to distribute thirteen kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Osborn now moves to dismiss the superseding indictment against him. He argues that the Government violated the Speedy Trial Act's 70-day rule, codified at 18 U.S.C. § 3161(c)(1), for the time period between June 21, 2005, and November 14, 2005. Osborn does not claim a violation of the Speedy Trial Act for any other time period. During a hearing on April 24, 2007, his lawyer conceded that all delays since November 14, 2005, are excludable. For the following reasons, his motion is denied.

The original indictment dated April 6, 2005, named three defendants; Osborn was not one of them. A superseding indictment dated May 4, 2005, named eleven defendants but not Osborn. Trial was scheduled for June 20, 2005. On May 24, 2005, one of the defendants moved for a continuance. Terrance Osborn was arrested and had his initial appearance on May 27, 2005. On June 1, 2005, the Court granted the motion for continuance and set the trial date as November 14, 2005, as to all defendants. On June 8, 2005, a second superseding indictment added Osborn as the twelfth defendant. He appeared on June 21, 2005, and entered a plea of not guilty. He was given

---

[1] The indictment spells his name thus. Many of the motions and briefs filed by both sides spell his name *Osborne*.

notice that the trial date was November 14, 2005. He did not object and did not move for a severance. Indeed, on October 21, 2005, he moved to continue the trial.[2]

The statute excludes "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Osborn was joined for trial with co-defendants as to whom the time had not run. No severance was granted. Considering all of the relevant factors, the delay was reasonable. *United States v. Vogl*, 374 F.3d 976, 983-84 (10th Cir. 2004); *United States v. Cordova*, 157 F.3d 587, 598-99 (8th Cir. 1998); *United States v. Lewis*, 759 F.2d 1316, 1351 (8th Cir. 1985). Osborn was in custody from May 27, 2005, until September 8, 2005, when he was released to a third-party custodian with home incarceration and electronic monitoring. He did not then and has not since pursued a speedy trial. Indeed, as noted above, on October 21, 2005, Osborn moved for a continuance of the November 14 trial date. He has since filed three additional motions for continuance, two of which have been granted over objection by the Government. The trial has been continued eight times. Four of the continuances were sought by Osborn, who also is on record as having no objection to two of the other continuances. The two remaining continuances were requested by non-severed co-defendants while Osborn was a fugitive with outstanding warrants of arrest following his failure to appear on August 29, 2006. Osborn delayed the trial when he failed to appear at a bond revocation hearing on August 29, 2006, and fled. He was not apprehended until January 2007. There was no deliberate delay or procrastination by the Government. The indictment charged twelve defendants in a complex criminal conspiracy. It would not have been reasonable to

---

[2] Osborn does not explain why this first motion for continuance did not waive any argument he might have that the failure to set his trial earlier than November 14, 2005, violated the Speedy Trial Act. The motion, however, can be decided on other grounds.

require any defendant to go to trial before November 14, 2005, as none could have been or was ready even by that date. The delay from June until November was eminently reasonable under the circumstances, as Osborn's motion for continuance filed on October 25, 2005, proves.

A good portion of the time between June 8, 2005, and November 14, 2005, was excludable for reasons specifically attributable to Osborn. As noted, Osborn moved to continue the trial on October 21, 2005. The Court found on October 31, 2005, that the ends of justice served by granting the continuance outweighed the best interest of the public and defendants for a speedy trial because denying the motion would prevent "counsel for the defendant reasonable time necessary for effective preparation for trial." The 14 days between October 31, 2005, and November 14, 2005, are therefore excludable under 18 U.S.C. § 3161(h)(8)(A). *See also United States v. Maynie*, 257 F.3d 908, 914 (8th Cir. 2001); *United States v. Henderson*, 746 F.2d 619, 624 (9th Cir. 1984); *United States v. Stuart*, 689 F.2d 759, 762 n.2 (8th Cir. 1982). The 15 days between June 16, 2005, and July 1, 2005, are excludable because of the delay in ruling on Osborn's amended motion for relief. 18 U.S.C. § 3161(h)(1)(F); *see also United States v. Brim*, 630 F.2d 1307, 1312 (8th Cir. 1980). Likewise, the 8 days between July 18, 2005, and July 26, 2005; at least 30 of the 32 days between July 29, 2005, and August 30, 2005; and at least 30 of the 35 days between September 26, 2005, and October 31, 2005, are excludable due to Osborn's motions to appoint counsel, for reconsideration, and to modify conditions of release, respectively. 18 U.S.C. §§ 3161(h)(1)(F), (J); *see also United States v. Grosz*, 76 F.3d 1318, 1323 (5th Cir. 1996) ("Once a hearing has been held on a motion and all necessary additional materials submitted to the court, or once a motion not requiring a hearing is filed along with necessary supporting materials, § 3161(h)(1)(J) limits the excluded period to thirty days." ).

Thus, subtracting the excluded days from the 159 days yields 62 days, which is within the

Speedy Trial Act's 70-day rule. Thus, apart from subsection 3161(h)(7), the Speedy Trial Act was not violated.

## CONCLUSION

For the reasons stated above, Osborn's motion to dismiss the superseding indictment is DENIED.

IT IS SO ORDERED this 25th day of April, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE