**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        No. 4:05CR00109-12 JLH

TERRANCE OSBORN                                                                            DEFENDANTS

**<u>ORDER</u>**

Several motions are pending in this case, and the Court hereby rules on them as follows:

Osborn's motion to suppress videotape recording is DENIED. Document #503. Osborn's former lawyer, Sara F. Merritt, stated on the record at the most recent hearing that she filed the motion to suppress videotape recording in error because Osborn wishes that the videotape be introduced but objects to an audiotape.

The government has filed a motion *in limine* regarding punishment. Document #509. That motion is GRANTED. No argument or reference to punishment for the offenses charged will be made in the presence of the jury.

The government's motion *in limine* regarding plea negotiations is GRANTED. Document #510. No mention of plea negotiations may be made in front of the jury.

Osborn's motion to suppress audiotape recordings and transcripts is DENIED because the motion fails to allege facts that, if proven, would result in suppression of the audiotape recordings and transcripts. Document #514. Osborn asserts that much of the tape is inaudible. If true, that would go to the weight that the jury should give to the audiotape, not to its admissibility.

Osborn has filed six motions that are encompassed by the Court's pretrial discovery order, which was entered in this case as Document #149. The pretrial discovery order provides, in part:

>If a party has not complied with a discovery request, the party seeking discovery may move the Court to order compliance. Fed. R. Crim. P. 16(d)(2). Until a party has unsuccessfully requested discovery, no motion is needed. 2 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 257. Counsel must comply with Local Rule 7.2(g) in connection with any motions to compel discovery.

Local Rule 7.2(g) provides:

>All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

Pursuant to this Court's pretrial discovery order and Local Rule 7.2(g), the following motions are DENIED: Documents #526, #527, #528, #531, #534, and #535.

Osborn has also filed a motion to exclude evidence that the government intends to rely upon at trial pursuant to Rule 404(b). That motion does not specify the evidence that Osborn wishes to have excluded. That motion is therefore DENIED. Document #530. If Osborn objects to any evidence offered pursuant to Rule 404(b), he must do so with specificity before or during trial.

Osborn has filed a motion for immunity for defendant's witnesses. Document #532. He does not identify any specific witnesses for whom immunity is sought, nor does he state a factual or legal basis for granting immunity in any particular situation, so his motion is DENIED.

Osborn has filed a motion for a forensic expert at the government's expense. Document #533. He asks that the Court order the government to provide a forensic expert's inspection and opinion as to the reliability of the tape and equipment used in the copying and recording of all tapes intended to be introduced into evidence in this case. That motion is DENIED.

Osborn has filed a motion to preclude the government's introduction of prior convictions

under Rule 609 of the Federal Rules of Evidence. Document #529. The Court orders that the government notify Osborn's counsel and approach the bench before mentioning in front of the jury of any of Osborn's prior convictions. The Court will hear argument and rule with respect to the specific prior offenses, if any, that the government intends to use at that time.

Osborn has also filed a motion to sever counts in the indictment. Document #537. Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged – whether felonies or misdemeanors or both – of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Count 1 of the superseding indictment charges that from January 2002 through March 1, 2005, Osborn conspired with others to possess with intent to distribute, and distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), and that during the course of the conspiracy more than 5 kilograms of cocaine and more than 50 grams of a mixture or substance containing cocaine based were involved, in violation of 21 U.S.C. § 846. Count 10 of the superseding indictment charges that on or about May 25, 2005, Osborn, aided and abetted by others, knowingly and intentionally possessed with intent to distribute approximately 13 kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). These charges are of the same or similar character and therefore may be joined pursuant to Rule 8(a). *See United States v. Rodgers*, 732 F.2d 625, 629-30 (8th Cir. 1984). Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Osborn argues that presenting evidence on both counts, the conspiracy charge and the possession

charge, would confuse the jury and prohibit him from waiving his right to be silent on the conspiracy count while testifying about the possession count. He says that the would testify that he was unaware that the truck contained cocaine and that he had never had possession of any cocaine. Osborn's severance argument is answered by *Rodgers*, 732 F.2d at 629-30, where the court held that evidence of prior drug offenses could be used to rebut a defendant's claim that he never kept drugs in his house, so two counts were properly joined, and severance was not required. The court stated, "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." *Id*. at 630 (quoting *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980). Here, evidence that Osborn had conspired to distribute cocaine from January 2002 until March 2005 would be admissible to rebut his contention that he did not know that he possessed cocaine on May 25, 2005; so Osborn will suffer no additional prejudice if the two counts are tried together. Therefore, the motion to sever counts in the indictment is DENIED.

IT IS SO ORDERED this 10th day of May, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE