## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              CASE NO. 4:05-CR-00109-BSM-12

TERRANCE OSBORNE                                            DEFENDANT


## ORDER

Terrance Osborne's motion for reconsideration of his motion for compassionate release or sentence reduction [Doc. No. 793] is granted. Upon reconsideration, Osborne's motion for compassionate release or sentence reduction [Doc No. 783] is denied.

## I. BACKGROUND

Osborne was sentenced to 240 months incarceration in November 2007 for one count of conspiracy to possess with intent to distribute a cocaine-based substance and one count of possession with intent to distribute cocaine. Pl.'s Resp. Opp. Mot. Reconsideration ("Pl.'s Resp.") at 1, Doc. No. 796. He had prior possession and distribution of marijuana, and domestic battery convictions. *Id*. at 10. He tested positive for cocaine while on pretrial release for the instant offense and failed to appear at a bond hearing. *Id*. While serving the present sentence, he entered a plea of guilty to one count of possession of marijuana and one count of attempting to provide marijuana to inmates, and was sentenced to three months imprisonment on each count, to be served consecutively. *Id*. at 10–11. In April 2015, his sentence was reduced to 192 months pursuant to 18 U.S.C. section 3582(C)(2). Order Reducing Sentence, Doc. No. 778.

Osborne is incarcerated at Forrest City Federal Correctional Institution's minimum security satellite camp. Pl.'s Resp. at 7. Osborne is 39-years-old and has asthma, for which he takes medication and uses an inhaler daily, and a seizure disorder, for which he takes medication daily. Mot. Reconsideration at 15, Doc. No. 793; Exs. Mot. Compassionate Release Reduce Sentence ("Exs. Mot.") Ex. 8, Doc. No. 789. Osborne is eligible for home confinement and halfway house placement in November 2020, and his release date is in May 2021. Def.'s Reply Supp. Mot. Reconsideration ("Def.'s Reply") at 6, Doc. No. 797; Mot. Reconsideration at 7, 15.

Osborne moved for compassionate release or sentence reduction in April 2020. That motion was denied for failure to exhaust administrative remedies. Order Den. Mot. Compassionate Release Reduce Sentence, Doc. No. 791. The jurisdictional issue was resolved, Mot. Reconsideration Ex. 9, and Osborne now moves for reconsideration of his motion for compassionate release or sentence reduction.

## II. LEGAL STANDARD

A court may reduce a term of imprisonment pursuant to 18 U.S.C. section 3582(c)(1)(A) if, after considering the section 3553(a) factors, "extraordinary and compelling" reasons warrant reduction, and reduction is consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3553(a) (factors include: nature and circumstances of offense; defendant's history and characteristics; need for sentence imposed; available sentences for defendant; kinds of sentence and sentencing range for

defendant's category of offense; need to avoid unwarranted sentence disparities among defendants with similar records convicted of similar conduct).  A defendant who is not a danger to the community may be released if he demonstrates extraordinary and compelling reasons relating to his medical condition, age, family circumstances, or "other reasons" beyond or in combination with the aforementioned reasons, as determined by the BOP.  *See* U.S. Sentencing Guidelines Manual § 1B1.13, Application Note 1 (U.S. Sentencing Comm'n 2018).

## III. DISCUSSION

Osborne first argues that his asthma increases his risk of COVID-19 infection, and that, if he were to contract COVID-19, that his symptoms would be more severe than those of someone without asthma.  Mot. Reconsideration at 15–16.  Unfortunately, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release.  Osborne's asthma and seizure disorder seem to be controlled by his medication.  Mot. Reconsideration at 15; Pl.'s Resp. at 4.  Further, the record does not show that the BOP is failing to tend to his medical needs.

Osborne also points out that he has served over 92% of his sentence, and that his home confinement eligibility, halfway house placement, and release dates are all months away.  Mot. Reconsideration at 15; Def.'s Reply at 6.  While I am sympathetic to this argument, it does not merit early release.

Moreover, the government's position that Osborne's release would increase risks to the community and law enforcement cannot be overlooked.  Osborne's record includes a drug-dealing conspiracy, domestic battery, testing positive for cocaine while on out on bond, and dealing marijuana while in prison.  Although Osborne is to be commended for seemingly overcoming his drug addiction, Def.'s Reply at 6, his criminal record and noncompliance with pretrial and BOP facility regulations weigh strongly against early release.

## IV. CONCLUSION

For the foregoing reasons, Osborne's motion for reconsideration of his motion for compassionate release or sentence reduction [Doc. No. 793] is granted, and his motion for compassionate release or sentence reduction [Doc No. 783] is denied.

IT IS SO ORDERED this 16th day of June, 2020.


_____
UNITED STATES DISTRICT JUDGE